UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MIRANDA TAYLOR                                                                                                   PLAINTIFF

v.                                                      No. 5:20-CV-05211

MIDLAND FUNDING LLC and
MIDLAND CREDIT MANAGEMENT, INC.                                                      DEFENDANTS

### OPINION AND ORDER

Plaintiff filed this Fair Debt Collection Practices Act ("FDCPA") case on December 10, 2020. She filed proof of service on January 5, 2020, and Defendants' initial pleadings or responses were due January 4, 2020. The Clerk entered Defendants' default on January 6, 2021, pursuant to Federal Rule of Civil Procedure 55(a). On January 18, 2021, Plaintiff filed a motion (Doc. 10) for default judgment and brief (Doc. 11) in support. Counsel for Defendants entered an appearance on January 19, 2021, but Defendants have not responded to the pending motion. The Court has reviewed the motion and brief, as well as the complaint. The motion for default judgment will be granted as set forth herein.

Defendants filed a debt collection lawsuit against Plaintiff on the basis of consumer credit card debt in Washington County, Arkansas, in a venue in which Plaintiff neither resided nor signed the contract. (Doc. 2, p. 1). Defendants were aware that venue was improper in Washington County because Plaintiff raised improper venue as an affirmative defense in a prior lawsuit, which Defendants thereafter dismissed. (Doc. 2, p. 2). The Washington County lawsuit was not brought in a permissible venue. 15 U.S.C. § 1692i(a)(2).

Title 15 U.S.C. § 1692k allows Plaintiff to bring a lawsuit against Defendants for this violation of the FDCPA. Prevailing plaintiffs may be entitled to recover actual damages caused by the violation and additional statutory damages. 15 U.S.C. § 1692k(a)(1), (2)(A). Prevailing

plaintiffs may also be awarded reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a)(3).

As actual damages Plaintiff requests $1,260 in attorney's fees, spent defending the Washington County lawsuit. (Doc. 11, p. 2). Plaintiff also requests $1,000 in statutory damages against each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A), for their independent violations of the FDCPA. Because Defendants were on notice that they had incorrectly chosen the venue for suit, and thereafter repeated their violation, the maximum statutory penalty against each is appropriate. Finally, Plaintiff asks for her reasonable fees and costs in this action, pursuant to 15 U.S.C. § 1692k(a)(3). Based on the exhibits provided in support of the motion and a review of the filings in the case, the Court agrees that the requested attorney's fee of $2,700 is reasonable. The Court also finds the $417.80 in costs appearing on the invoice (Doc. 11-2) Plaintiff's counsel submitted in support of Plaintiff's motion to be a reasonable amount, and those, too, will be awarded.

IT IS THEREFORE ORDERED that Plaintiff Miranda Taylor's motion (Doc. 10) for default judgment is GRANTED. Judgment will be entered against Defendants jointly and severally in the amount of $1,260, representing actual damages caused by their violations of the FDCPA. Judgment will also be entered severally against each Defendant for an additional $1,000 each, representing statutory damages. Judgment will be entered separately.

IT IS FURTHER ORDERED that Plaintiff is awarded $2,700 in attorney's fees and $417.80 in costs, to be recovered jointly and severally from Defendants.

IT IS SO ORDERED this 2nd day of February, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE